PEYTON, APPELLANT, *v.* SUN T.V. & APPLIANCES ET AL., APPELLEES.

[Cite as Peyton v. Sun T.V. (1975), 44 Ohio App. 2d 10.]

(No. 74AP-454—Decided February 11, 1975.)

Mr. *William J. Abraham,* for appellant.
Mr. *William J. Brown,* Attorney General, Mr. *John F. Livorno* and Mr. *Raymond A. Stegmeier,* for appellees.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas, Franklin County, Ohio. The record indicates that on November 1, 1973, William Peyton, filed an application for unemployment benefits. The Ohio Bureau of Employment Services, on November 16, 1973, allowed the claim, finding he was not excluded by R. C. 4141.29(D) (2)(a), but quit for just cause. Sun T.V. & Appliances sought a reconsideration and obtained a reversal of the initial allowance. Peyton timely appealed to the board of review. There was a hearing before a referee, and the decision, upon reconsideration, was affirmed. Ultimately, the board of review affirmed the referee's decision. The board's decision was appealed to the Court of Common Pleas and affirmed; whereupon, this appeal was perfected, and the following advanced as the assignment of error:

"The Trial Court erred in affirming the decision of the Board of Review, State of Ohio, Bureau of Employment Services, which decision was contrary to law, unreasonable, and against the manifest weight of the evidence."

Mr. Peyton was employed by Rockwell International Corporation as a factory employee for approximately twenty-one years. He lost his job because of a general layoff, due to the cancellation of government contracts. At the time of his termination, he was earning approximately two hundred dollars per week. Then, he found employment with Sun T. V. as a salesman, and was paid by a commission for individual sales.

The plain fact was that he was unable to earn enough for necessary family expenses. He was not only facing financial hardship, but probable bankruptcy. His entire work experience, aside from some secondary real estate background, was basically different from sales and promotional merchandising. Hence, Mr. Peyton, in net effect, left his employment to find work for which he was reasonably adapted. He applied for unemployment benefits while seeking a job. Specifically, R. C. 4141.29 (D)(2)(a) reads, in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may * * * be paid benefits under the following conditions: * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work. * * *,,

The claimant asserts that he quit his work with just cause. This is the issue in the case. There is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. Moreover, there is minimal case law directly determining this issue. Therefore, we are considering this case upon its individual merits. It is noteworthy that Mr. Peyton's consistent employment record scarcely reflects any malingering or abuse of the system. When he lost his job, after twenty-one years of steady employment, he immediately sought and found other work. The true result was a postponement of the time of eligibility for unemployment benefits, for, undoubtedly, he could have had benefits from his North American Rockwell employment. It is noteworthy that he did not simply apply for unemployment compensation. Instead, he went out and found a job. The ultimate difficulty was that he was not suited for that kind of work and could not make a living doing it. The intent of the law is not to penalize a person for not finding work. Therefore, we find, as a matter of law, appellant had just cause for leaving his job. Accordingly, the assignment of error is well taken and sustained. The judgment of the trial court is reversed and remanded for further proceedings consistent with this decision.

*Judgment reversed.*

TROOP, P. J., and WHITESIDE, J., concur.