## Bitzer v. May Dept. Stores Co.
*[Cite as 8 AOA 295]*

*Case No. 90-B-15*
*Belmont County, (7th)*
*Decided November 1, 1990*

*Gerald P. Duff, 46457 National Road West, St. Clairsville, Ohio 43950, for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, Betsey Nims Friedman, 12th Floor, State Office Building, 615 West Superior Avenue, Cleveland, Ohio 44113-1899, for Appellees.*

O'NEILL, P.J.

The appellant had been employed by the May Department Stores Company from August 21, 1984 to January 18, 1989 as a sales associate. On January 17, 1989, the appellant was discharged when it was discovered that she had rung a credit for herself using another sales associate's identification number in the transaction. The appellant had purchased a pair of pants from her employer for $12.99 and desired to return the pants and receive a credit therefor. The appellant admitted that, at all times during this case, she was aware that the proper procedure to receive credit on an item returned by an employee was to give the return to another employee and have that employee credit her account. The appellant explained that she intended to have another employee, Karen Autio, handle the transaction but that Ms.

Autio left and appellant realized that she had not asked Ms. Autio to ring up her credit on the cash register. Appellant went on to explain then that, without giving it serious thought, she negotiated the transaction through a cash register using Ms. Autio's identification number. In some manner, this transaction was discovered by the employer security department and, as a result of the violation of company policy, the appellant was discharged.

Following discharge the appellant applied for unemployment benefits which were denied through the administrative agency and, upon appeal to a referee following a hearing, the denial was affirmed and further appeal denied by the board of review. An appeal was filed to the trial court and the decision, denying unemployment benefits, was affirmed by the lower court.

The central and sole issue in this case is whether the appellant was discharged with just cause. It is specifically provided by R.C. 4141.29(D)(2)(a) that no person may serve a waiting period or be paid benefits for the duration of his unemployment if it is found that that person has quit his work without just cause or has been discharged for just cause in connection with his work.

"The term 'just cause' has not been clearly defined in our case law. We are in agreement with one of our appellate courts that '[t]here is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' *Peyton v. Sun T.V.* (1975), 44 Ohio App. 2d 10, 12 (73 O.O. 2d 81]." *Irvine v. Unemployment Comp. Bd. of Review* (1985), 19 Ohio St. 3d 15, 17.

In the case at hand, it had been clearly established that the appellant was an exem-

plary employee during her course of employment with the May Company. It was also firmly established that, during the tenure of her employment, she had been involved in no disciplinary problems and had received various awards for her industriousness. It was clearly established, further, that appellant knowingly violated a rule of the May Company. By the same token, however, it was also firmly established that the May Company suffered no financial loss as a result of the appellant's infraction.

In our interpretation of the appropriate statute and especially of the phrase "just cause", we conclude that the outright discharge in this case would not be justifiably reasonable to an ordinarily intelligent person.

Accordingly, the judgment of the trial court is reversed and judgment is entered in behalf of the appellant.

DONOFRIO, J., COX, J., concur.