**BAKER, Appellant,**

v.

**OHIO BUREAU OF EMPLOYMENT SERVICES et al., Appellees.**

[Cite as *Baker v. Ohio Bur. of Emp. Serv.* (1996), 115 Ohio App.3d 675.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 670.

Decided Nov. 21, 1996.

*Richard R. Renner*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Charlett Bundy*, Assistant Attorney General, for appellee Administrator.

JOSEPH E. O'NEILL, Presiding Judge.

On July 10, 1995, the appellant filed an application for unemployment compensation. On August 3, 1995, the Administrator of the Bureau of Employment Services issued an initial determination which held that the appellant had quit work with Lozier Implements without just cause. On August 9, 1995, the appellant filed a timely request for reconsideration of the Administrator's decision and, on September 25, 1995, the Administrator issued a decision which affirmed his original determination. The appellant appealed this decision and a hearing was conducted before a referee on October 30, 1995. The appellant appeared at this hearing and her former employer, Robert Lozier, also appeared and both parties testified. Following this hearing, the referee made some factual findings and concluded that the appellant had quit her employment without just cause and recommended that unemployment compensation be denied. The appellant appealed this finding to the Unemployment Compensation Board of Review. The board concluded that the application to institute a further appeal was to be disallowed. The appellant filed a timely notice of appeal to the court of common pleas from this final decision.

The appellant had been employed at Lozier Implements as office manager of a one-person office earning $4.75 per hour. Prior to her giving birth to a baby, the appellant and her employer had had some discussion as to her bringing the baby to work since she couldn't afford to hire a babysitter. After giving birth, the appellant returned to work two weeks later, bringing the baby with her and breastfeeding the infant in the office. She also brought into the office a baby swing and a bassinet. In addition, the appellant's other two children, teenagers,

would get off a school bus at 3:00 P.M. and stay with their mother at the office until quitting time. Lozier, the employer, was somewhat upset about these arrangements and he advised the appellant that other arrangements would have to be made. Among his suggested arrangements was a reduction to parttime work or a six-month leave of absence so that the appellant could be home with her baby. Lozier testified before the referee that, after the discussion about working it out to have another lady cover the office on certain mornings, he left the building "and when I came back 30 minutes later, Tanya was gone. She did not tell me she was leaving."

The sole assignment of error is to the effect that the decision of the board of review is unlawful, unreasonable and against the manifest weight of the evidence because the appellant was discharged without just cause and did not quit.

 The appellant argues that she was subject to unlawful discrimination on the basis of her sex in violation of R.C. 4112.01(B) and 4112.02 and federal law. When these issues were raised before the trial judge, it was his ruling that they were not properly the subject of appeal since they had never been raised in the administrative portion of the case. A reviewing court is limited to a review of the record as certified by the board. R.C. 4141.28(O)(1). Furthermore, the fact that reasonable minds may reach different conclusions is not a basis for reversal of a decision of the board of review.

"Determination of purely factual questions is primarily within the province of the referee and the board. Upon appeal a court of law may reverse such decisions only if they are unlawful, unreasonable or against the manifest weight of the evidence." *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17–18, 19 OBR 12, 15, 482 N.E.2d 587, 590.

We note with interest a portion of a concurring opinion in *Irvine,* wherein Justice Clifford Brown stated:

"Just as a court of appeals and this court should not be a super zoning board of review, as we have often stated, this court and the court of appeals likewise should not be a super unemployment compensation board of review." *Id.* at 21, 19 OBR at 17, 482 N.E.2d at 592.

 Based upon the facts submitted to the referee and reviewed by the common pleas court, the decision of the appellant to leave her employment was not based on just cause. In a statutory sense, just cause is that which, to an ordinarily intelligible person, is a justifiable reason for doing or not doing a particular act. *Peyton v. Sun TV* (1975), 44 Ohio App.2d 10, 73 O.O.2d 8, 335 N.E.2d 751.

It is obvious from the testimony before the referee and the referee's factual findings that the appellee, Lozier, was doing everything possible to accommodate the appellant. She was the daughter of a former partner of his. The appellant did create a very uncomfortable situation in the business office of Lozier, an office described as being eight by ten. She breastfed her baby during working hours and then, the last hours of the working day, her two teenage children were present.

Upon a review of the facts, one cannot conclude that there was a misunderstanding between the appellant and her employer. It can be drawn from all of the evidence that the appellant did not desire to in any way accommodate her employer.

Upon a review of the transcripts presented in this case and a review of the decision by the common pleas court, it is our conclusion that the appellant quit her employment without just cause, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.