On May 27, 1969, appellant, Daniel Morris, became employed with appellee, The Timken Company. On July 12, 1997, appellant was discharged due to theft of company property i.e., an Ingersoll Rand air ratchet.
On July 17, 1997, appellant filed an application with appellee, the Ohio Bureau of Employment Services, for unemployment compensation. Said application was disallowed on August 19, 1997. Appellant then requested a hearing before the Unemployment Compensation Review Commission. A hearing commenced on October 23, 1997. By decision dated December 17, 1997, the hearing officer affirmed the disallowance of appellant's application, finding "dishonesty in connection with work." The commission affirmed the hearing officer's decision on February 3, 1998.
On March 5, 1998, appellant file an appeal to the Court of Common Pleas of Stark County, Ohio. By judgment entry filed December 16, 1998, the trial court affirmed the commission's decision.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE DECISION OF THE APPELLEE, REVIEW COMMISSION, WAS REASONABLE, LAWFUL, AND SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in finding the commission's decision was supported by the law and the facts. We disagree.
Our role in reviewing the trial court's decision is to determine whether the trial court appropriately applied the standard of unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur.of Emp. Serv. (1995), 73 Ohio St.3d 694; Republic EngineeredSteels, Inc. v. Strege (1993), 84 Ohio App.3d 782. While we are not permitted to make factual findings or determine the credibility of witnesses, we have the duty to determine whether the commission's decision is supported by the evidence in the record. This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio. We are to review the commission's decision sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. We note a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E. Morris Co.
(1978), 54 Ohio St.2d 279.
The Ohio Bureau of Employment Services can deny a claimant unemployment compensation if the claimant quit his/her job without just cause or was discharged for just cause. R.C.4141.29(D)(2)(a). "Just cause" is defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. UnemploymentCompensation Board (1985), 19 Ohio St.3d 15, 17, quoting Peytonv. Sun T.V. (1975), 44 Ohio App.2d 10, 12. The Irvine court at 17 further stated "each case must be considered upon its particular merits." In reviewing such a determination, we are not permitted to reinterpret the facts or put our "spin" to the facts.
By judgment entry filed December 16, 1998, the trial court affirmed the commission's decision, relying on theTzangas case. From our review of the trial court's judgment entry and the record, we find the hearing officer's findings and conclusions to be compatible with the evidence. Appellee Timken's "just cause" for discharging appellant was theft of company property i.e., the air ratchet. The decision whether appellant committed the theft rested on the nature and the quality of the evidence.
Brad Lineback, operations coordinator for appellee Timken, testified an employee, Tim Anderson, reported his air ratchet missing. October 23, 1997 T. at 5. Thereafter, Mr. Lineback received an anonymous call informing him the missing ratchet was in the cupboard of appellant's work area. Id. at 5. Upon inspection of appellant's cupboard, Mr. Lineback found the ratchet (identified as company property via specific markings on the tool) hidden behind some rags. Id. at 6. Approximately forty minutes later, Mr. Lineback rechecked the cupboard and discovered the ratchet was no longer there. Id. At the end of the shift, Mr. Lineback observed appellant leave the plant, carrying only his lunch bucket. Id. at 7. After exiting the plant himself, Mr. Lineback observed appellant carrying his lunch bucket and a brown paper bag wrapped in a white plastic bag, resembling a "sub sandwich." Id. at 8. Security officers stopped appellant at the guard post and searched his vehicle.Id. A package identical to the one Mr. Lineback observed appellant carrying out of the plant was inside appellant's vehicle. Id. at 10. The package was unwrapped and the ratchet was discovered inside. Id.
Robert Lemmon, a security officer for appellee Timken, observed appellant walking along the plant carrying a lunch bucket and a package wrapped in a white plastic bag.Id. at 21. After stopping appellant, Mr. Lemmon unwrapped the package and found the ratchet. Id. at 22. Upon questioning, appellant claimed he had never seen the ratchet before and had no idea how it got in his vehicle. Id. at 11. Appellant claimed the package he brought out contained his lunch leftovers, but he could not identify which bag it was nor its contents. Id. at 23-24.
Appellant testified he fully cooperated with the security guard. November 18, 1997 T. at 4. Appellant claimed the ratchet was not his tool, he had no access to it in his job, and he had no idea why it was in his vehicle. Id. at 6. Appellant pointed out the cupboard in his work area was unlocked and he did not have exclusive use of it. Id. at 9. Appellant testified there was a chance someone else could have placed the ratchet in his vehicle without his knowledge. Id. at 10.[1]
By decision dated December 17, 1997, the hearing officer found the following:
 On July 12, 1997, when he was leaving at the end of his shift, claimant was stopped at the gate and searched by a security officer. An air ratchet was found in his car, wrapped in a white plastic bag. He was attempting to steal it.
 Claimant contends that someone placed the air ratchet in his car to frame him. This contention has no merit. He was seen carrying the air ratchet to his car.
The hearing officer concluded the following:
 Claimant became unemployed because of dishonesty in connection with his work at Timken Company. His wages and weeks with Timken Company are excluded and cannot be used to establish a valid application. His application for determination of benefit rights is disallowed because he had no qualifying weeks after the exclusion.
This decision was clearly a determination on the facts presented and the credibility of the witnesses. Upon review, we find sufficient evidence was presented to substantiate the decision. The trial court did not err in affirming the commission's decision.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Edwards, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
[1] This testimony is the genesis of appellant's "Titanic defense." See, Appellant's Brief at 9.