OPINION
Defendant-appellant John T. Westfall appeals from the June 9, 1999, Nunc Pro Tunc Journal Entry of the Guernsey County Court of Common Pleas dismissing defendant-appellant's statutory appeal from the decision of the Ohio Bureau of Employment Services and, thus, denying appellant's application for unemployment compensation benefits.
 STATEMENT OF THE FACTS AND CASE
Commencing on November 10, 1997, appellant John T. Westfall was employed by appellee Schwan's Sales Enterprises. As part of his duties as a warehouse employee, appellant had to pull items out of the freezer at Schwan's to load onto trucks. Because of the cold temperatures in the freezers, appellant wore heavy-duty coveralls when he entered the freezers. On June 11, 1998, as appellant was taking his uniform off after coming out of the freezer, Tom Casper, Schwan's sales manager, "insinuated that I [appellant] must be queer because I wear pink Carhartts." Transcript of Hearing at 22. According to appellant, Casper said that because appellant was wearing light pink coveralls, appellant must be a "fagot". Transcript of Hearing at 22. The Carhartt coveralls that appellant wore had turned light pink as a result of age and numerous washings. Appellant, who was upset by Casper's comments, finished his shift and asked for a personal leave of absence. Appellant's request for leave was granted. Appellant admitted that that was the only incident where he had ever had any problem with Casper. Transcript of Hearing at 33. But appellant considered it an insult from which he never received an apology. Transcript of Hearing at 33 and 27. Shortly thereafter, appellant filed a formal grievance with appellee against Tom Casper for sexual harassment. After investigating appellant's grievance, appellee Schwan found that the same lacked merit. Appellee Schwan then notified appellant pursuant to a letter dated July 10, 1998, sent by certified mail that its investigation had found appellant's claims meritless. In such letter, appellant was directed to return to work at his regularly scheduled time by July 15, 1998. Although appellant received the certified letter on July 13, 1998, appellant did not return to work by July 15, 1998. Not only did appellant fail to return to work, but he also did not notify anyone at Schwan's that he was not planning on returning to his previous job because of the alleged sexual harassment. As a result, appellee Schwan discharged appellant on July 20, 1998, for failure to return to work. On August 25, 1998, appellant filed an application for the determination of unemployment compensation rights with the Administrator of the Ohio Bureau of Employment Services. Pursuant to a decision mailed on September 25, 1998, the Administrator of the Ohio Bureau of Employment Services denied appellant's request for unemployment compensation benefits, finding that appellant had been discharged from employment with Schwan's because of excessive absence or tardiness without justification. Appellant then filed a timely request for reconsideration of the September 25, 1998, decision. Pursuant to a decision mailed on October 2, 1998, the Administrator affirmed its earlier determination of September 25, 1998, finding that appellant was discharged for just cause in connection with his work. Thus, appellant was denied unemployment compensation benefits. Appellant then filed a timely appeal from the Administrator's Reconsideration Decision. Thereafter, a hearing was held on November 2, 1998, before a hearing officer of the Ohio Unemployment Compensation Review Commission. Pursuant to a Decision issued on November 12, 1998, the hearing officer affirmed the Administrator's Decision on Reconsideration. The hearing officer, in his decision, specifically found that appellant was discharged for his unexcused and reported absence after July 15, 1998, and that, therefore, appellant was discharged by appellee Schwan for just cause in connection with work. The hearing officer further stated that appellant's disagreement with Schwan's conclusion that appellant's sexual harassment complaint lacked merit "did not excuse or justify his [appellant's] refusal to return to work as scheduled on or by July 15, 1998." Appellant's subsequent application to institute a further appeal was disallowed by the State of Ohio Unemployment Compensation Review Commission. Appellant, on December 24, 1998, filed an appeal with the Guernsey County Court of Common Pleas. The trial court, pursuant to an Opinion filed on May 17, 1999, denied appellant's appeal and affirmed the decision of the Ohio Bureau of Employment Services Board of Review. The trial court, in its order, concluded that appellant's "refusal to work was just cause for his termination and thus, disqualified him from receiving unemployment compensation." Thereafter, pursuant to a Nunc Pro Tunc Journal Entry filed on June 9, 1999, the trial court modified its May 17, 1999, Opinion to state that "The Court hereby dismisses this [appellant's] case with prejudice." It is from the trial court's June 9, 1999, Nunc Pro Tunc Journal Entry dismissing appellant's statutory appeal from the decision of the Ohio Bureau of Employment Services and, thus, denying appellant's application for unemployment compensation benefits that appellant now prosecutes his appeal. Appellant has not set forth his assignments of error in the standard manner. However, appellant appears to argue that the decision of the Ohio Unemployment Compensation Review Commission, that appellant was discharged for just cause and, therefore, was ineligible to receive unemployment compensation benefits, was against the manifest weight of the evidence. Appellant further appears to argue that the trial court, therefore, erred in dismissing appellant's appeal.
LAW AND ANALYSIS, Appellant in his brief, argues that the trial court erred in finding that the Unemployment Compensation Review Commission's decision (denying appellant unemployment compensation benefits) was supported by the law and the facts. We, however, disagree. An appellate court may reverse the Unemployment Compensation Board of Review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, syllabus. While we are not permitted to make factual findings or determine the credibility of witnesses, we have the duty to determine whether the commission's decision is supported by the evidence in the record. This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio. Tzangas, p. 696. We are to review the commission's decision in the case sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. We note a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. The Ohio Bureau of Employment Services can deny a claimant unemployment compensation if the claimant quit his/her job without just cause or was discharged for just cause. R.C. 4141.29(D)(2)(a). "Just cause" is defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. Unemployment Compensation Board (1985), 19 Ohio St.3d 15,17, quoting Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10, 12. An employer may terminate an employee for just cause if the employer has been reasonable in finding fault on behalf of an employee. Tzangas, supra. at 698. The Irvine court further stated "each case must be considered upon its particular merits." Id. at 17. In reviewing such a determination, we are not permitted to reinterpret the facts or put our "spin" on the facts. Pursuant to an Opinion filed on May 17, 1999, the trial court affirmed the decision of the Ohio Bureau of Employment Services Board of Review, relying on the Tzangas case. From our review of the trial court's opinion and the record, we find that the hearing officer's findings and conclusions are compatible with the evidence. Appellee Schwan's just cause for discharging appellant was based on appellant's failure to return to work on July 15, 1998, as directed. At the November 2, 1999, hearing before the hearing officer from the Unemployment Compensation Review Commission, appellant testified that he received the July 10, 1998, certified letter from Ron Moffis, a division manager at Schwan's, stating that appellant's sexual harassment claim had been investigated and been found to lack merit. The letter further stated that appellant was to report to work at his regularly scheduled time on or before Wednesday, July 15, 1998. At the hearing, appellant testified that not only had he received the letter from Mr. Moffis on July 13, 1998, but that he had also signed for the same on such date. However, despite receiving the July 10, 1998, letter, appellant did not return to work by July 15, 1998, as directed. Appellant further testified that he never told anyone at Schwan's that he was not going to return to his previous job there because of the alleged sexual harassment. For such reason, appellant, on July 20, 1998, was discharged for his failure to return to work after a leave of absence. Pursuant to a decision mailed on November 12, 1998, the hearing officer concluded as follows: "[c]laimant's discharge was based upon conduct which constitutes fault. Claimant was discharged for his unexcused and unreported absence after July 15, 1998. Claimant was granted his request to take a personal leave of absence pending the outcome of a sexual harassment complaint filed against a supervisor. After that complaint was investigated, the employer decided that the claimant's complaint was not meritorious and imposed no discipline upon the supervisor. Claimant's disagreement with that decision did not excuse or justify his refusal to return to work as scheduled on or by July 15, 1998. Claimant had other practical alternatives available in the event he wished to pursue the sexual harassment complaint. Claimant was discharged by Schwan's Sales Enterprises for just cause in connection with his work." We agree that an employee is discharged with just cause when he refuses to follow the reasonable directives of his employer. See Scherer v. Administrator (April 24, 1986), Cuyahoga Appeal No. 50503, unreported 86 WL 4964. In the case sub judice, appellant clearly and deliberately refused to comply with Schwan's reasonable instruction to return to work by July 15, 1998. Mr. Moffis' letter notified appellant that "they had understood names were called in reference to [appellant's] clothing and not [his] integrity." Transcript of Hearing at 27. In addition, appellant admitted this was a one time incident with Casper. Therefore, we find Schwan's directive to appellant to return to work was a reasonable directive based on all the circumstances. Appellant was at fault in refusing to follow the reasonable directive to return to work. "Fault on behalf of the employee is an essential component of a just cause termination." Tzangas, supra, syllabus. Appellant's termination for his own refusal to follow a reasonable directive was a termination for just cause. Upon review, we find that the hearing officer's decision was substantiated by sufficient evidence. There was competent, credible evidence presented at the November 2, 1998, hearing that appellant deliberately refused to return to work following a reasonable directive to do so by his employer, and this refusal resulted in his discharge from employment for just cause. In other words, the evidence supported a determination that an ordinarily intelligent person would find that the employer had a justifiable reason for discharging appellant from employment. As a result, the Commission's determination that appellant, through his own fault, disqualified himself from receiving unemployment compensation benefits was supported by competent, credible evidence. The trial court, therefore, did not err in affirming the commission's decision since the commission's decision that appellant was discharged for just cause and, therefore, was not eligible for unemployment compensation benefits was not unlawful, unreasonable, or against the manifest weight of the evidence.
Accordingly, all of appellant's assignments of error are overruled.
The Judgment of the Guernsey County Court of Common Pleas is, therefore, affirmed.
 ________________ EDWARDS, J.
EDWARDS, J. HOFFMAN, P.J. and FARMER, J. concurs.