DECISION AND JOURNAL ENTRY
Appellant, the Administrator of the Ohio Bureau of Employment Services ("the Administrator"), appeals from a judgment of the Lorain County Court of Common Pleas reversing a decision of the Ohio Unemployment Compensation Review Commission ("the Commission"). This Court affirms.
Appellee John Barilla was a long-time employee of appellee Higbee Department Stores, d.b.a. Dillard's Department Stores ("Dillard's"). In April 1997, Barilla was working as a salesman in the furniture department of the Dillard's store in downtown Cleveland. In March 1997, a customer called the store inquiring about a certain type of small table. Barilla spoke with the customer and told her that there were two tables of that nature in the store. One table was badly damaged and was priced at either $399 or $499. The evidence conflicted on the issue of whether the other table was damaged at all; that table was priced at $1099. The tables were located in different parts of the furniture sales floor. There was no price tag on either table.
Barilla testified that he believed that both tables were damaged and were being sold for $399. Barilla spoke with his supervisor, Deborah Houser about getting an extra discount and showed her the more damaged table. Houser agreed to an extra $50 discount.
A day or two later, the customer came into the store and asked for Barilla. A coworker, Nick Patella, said that Barilla had gone for the day and offered to help her. She then said that Barilla had told her that he would sell her the less damaged table for $399. Patella said that he did not know anything about that and that she would have to deal with Barilla later.
On March 27, 1997, the customer called in and asked for the table. Barilla sold her a table but delivered the less damaged table to the customer pick-up area. Because the sale was over the phone and the company wanted to have a customer's signature on sales slips, Barilla wrote that the customer's signature was on file. It was unclear from the evidence whether the customer's signature was actually on file or whether the practice of writing "signature on file" was acceptable when the signature was not on file. Patella, the coworker who had talked to the customer earlier, testified that he saw Barilla move the more damaged table to where the less damaged table had been and then take the less damaged table to the elevator to be sent to the customer pick-up area.
Patella reported his observations to Houser but told her that Barilla had switched price tags on the tables. After a brief investigation, Barilla was terminated from his position at Dillard's on April 8, 1997. A form documenting the termination stated that Barilla was fired for dishonesty in switching price tags on the two tables and selling the less damaged table for $700 less than its actual price.
Barilla applied for unemployment compensation. His application was initially denied. After seeking reconsideration, the Administrator approved his application. Dillard's then appealed the Administrator's decision to the Commission. The matter was referred to a hearing officer.
Three separate hearings on the matter were held on October 15, 1997, November 3, 1997, and December 8, 1997. Witnesses at the hearings were a representative for Dillard's, Nick Patella, Deborah Houser, and Barilla.
On December 15, 1997, the hearing officer rendered a decision, reversing the Administrator's determination and denying Barilla's application. The hearing officer found that Barilla was fired for just cause by acting with dishonesty in selling the wrong table and by not getting a customer signature on the sales slip. Barilla appealed the hearing officer's decision to the Commission. The Commission disallowed the appeal on January 22, 1998.
On February 18, 1998, Barilla appealed to the Lorain County Court of Common Pleas. Barilla and the Administrator submitted briefs in support of their respective positions. On July 10, 1998, the trial court issued its decision, reversing the decision of the Commission and finding in favor of Barilla.
The Administrator timely appeals, asserting one assignment of error.
 Assignment of Error IT WAS NOT UNLAWFUL, UNREASONABLE OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE OHIO UNEMPLOYMENT REVIEW COMMISSION TO DENY JOHN A. BARILLA UNEMPLOYMENT BENEFITS WHERE THE RECORD DEMONSTRATED HE HAD BEEN DISCHARGED FOR DISHONESTY IN A SALES TRANSACTION.
The Administrator argues that the trial court's reversal of the Commission's decision was erroneous. The Administrator contends that the Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence and that the Commission correctly determined that Barilla was terminated for just cause. This Court disagrees.
"An appellate court may reverse the [Commission's] `just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, paragraph one of the syllabus. In reviewing a "just cause" determination of the Commission, all courts, at the common pleas and appellate levels, apply this same standard of review. Id. at 696.
A person may not receive unemployment benefits for the duration of the unemployment if it is determined that the person "quit work without just cause or has been discharged for just cause in connection with the individual's work[.]" R.C.4141.29(D)(2)(a).[1] "Just cause" has been defined as "`that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act.'" Irvine v. UnemploymentComp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 17, quoting Peyton v.Sun T.V. (1975), 44 Ohio App.2d 10, 12. Whether just cause exists is dependent upon the particular facts of each case. See id.
"[T]he burden of proof is on the individual to establish that he was discharged without just cause." Oriana House, Inc. v. Terrell
(Mar. 15, 2000), Summit App. No. 19550, unreported, citing Irvine,19 Ohio St.3d at 17.
This Court concludes that the Commission's decision was unreasonable. The reason given by Dillard's for Barilla's termination was that Barilla switched price tags on the two tables. However, Nick Patella, who reported Barilla's actions, testified at the hearing that the tables did not in fact have price tags. Barilla did not know the customer; no motive for dishonesty on his part appears in the record. Furthermore, the hearing officer's decision was based not only on switching the two tables but also on Barilla's use of "signature on file" on the sales slip instead of obtaining the customer's signature. Dillard's did not terminate Barilla for that reason, and it was improper for the hearing officer to permit such extraneous matter to influence the decision.
Based on the foregoing, the Commission's decision to deny Barilla's application for unemployment compensation was unreasonable. Therefore, the trial court did not err by reversing the Commission's decision. The Administrator's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
WHITMORE, J., BATCHELDER, J., CONCUR.
[1] Another provision deals with the discharge of an employee for dishonesty. See R.C. 4141.29(D)(2)(f). However, the Administrator and the Commission's decisions were limited strictly to the issue of just cause.