OPINION
This administrative appeal is brought by James M. Bentley from the judgment of the Court of Common Pleas, Hancock County, affirming the findings of the Ohio Department of Job and Family Services Review Commission and thereby denying him unemployment benefits.
Appellant Dr. James M. Bentley, a licensed physician in the State of Ohio, began his employment with the Great Lakes Medical Clinic (Clinic) as the Medical Director for the Findlay Med-Back Clinic on April 29, 1998. On June 16, 2000, Dr. Bentley called the Clinic's corporate secretary, Ronald Loeffler, and informed him that he was ill and would not be coming into work that day. Dr. Bentley was not physically ill, but instead claims he was suffering from mental anguish over a situation at work. After calling in sick, Dr. Bentley called the Ohio State Medical Board and the Findlay Police Department to report that a George Muffarreh was illegally practicing medicine at the Findlay Med-Back Clinic. The record reflects that this issue has been investigated but that no charges have been filed.
When Dr. Bentley returned to work on June 19, 2000, Dr. Paul Newman, the president of the Clinic terminated Dr. Bentley's employment. According to the Clinic, Dr. Bentley was terminated for violating a company work rule by submitting a false reason for not coming into work. Thereafter, Dr. Bentley filed an application for the determination of unemployment benefits with the Director of the Ohio Department of Job and Family Services on June 20, 2000.
In a determination dated July 12, 2000 the Director disallowed Dr. Bentley's claim for benefits, finding that the Clinic discharged him for just cause. Dr. Bentley appealed the decision with the Ohio Department of Job and Family Services Review Commission who then conducted a hearing on the matter. The Commission affirmed the decision of the Director on August 24, 2000 and found that Dr. Bentley did not have a legitimate need to miss work on the day in question, and therefore his violation of the Clinic's policy resulted in a just cause termination.
On November 24, 2000 Dr. Bentley appealed this decision to the Hancock County Court of Common Pleas who affirmed the finding of the Commission on February 19, 2002. It is from this decision and order that Appellant now appeals.
Appellant raises the following assignments of error:
 "The decision of the Common Pleas Court affirming the findings of the hearing officer and Review Commission that the Appellant was discharged for cause is against the manifest weight of the evidence, is arbitrary and capricious, and is contrary to law.
 "The decision of the Common Pleas Court affirming the findings of the hearing officer and Review Commission that the Appellant lied to his employer when he called in sick on June 16, 2001 is arbitrary and capricious, and is contrary to law.
 "The decision of the Common Pleas Court affirming the findings of the hearing officer and Review Commission that the Appellant had the authority to remove George Muffarreh from the clinic on June 15 and 16, 2000 and that the Appellant thus acted unreasonably when he reported Mr. Muffarreh's activities in the clinic to the Ohio State Medical Board, is unreasonable and unlawful, in that for the Appellant to do otherwise would have caused him to participate in a criminal act by his employer and would have jeopardized the good standing of the Appellant's license to practice medicine in the State of Ohio."
 This timely appeal arises from an administrative appeal wherein the trial court affirmed the decision of the Unemployment Compensation Review Commission to deny Appellant unemployment benefits. For the following reasons, we affirm the judgment of the trial court.
As this is an unemployment case on appeal from a decision made by the review commission, we must apply the standard of review found in the former R.C. 4141.28(O)(1):
 "If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise, such court shall affirm such decision."
The Ohio Supreme Court in Tzangas, Plakas and Mannos v. Ohio Bur. ofEmp. Serv. (1995), 73 Ohio St.3d 694, 1995-Ohio-206 found that, pursuant to R.C. 4141.28, an appellate court may reverse the Review Commission's decision only if it is unlawful, unreasonable, or against the manifest weight of the evidence. In Tzangas, the Ohio Supreme Court found that this same standard of review applies at each judicial appellate level including the common pleas court, the court of appeals and the Ohio Supreme Court. Id. at 697. In so reviewing, however, the Review Commission's role as fact finder remains intact and the fact that reasonable minds may reach different conclusions is not a basis for reversing the Review Commission's decision. Id. Appellate courts may not make factual findings or assess the credibility of witnesses and may determine only whether the evidence supports the Review Commission's decision. Id. at 696-697. Where the Board of Review might reasonably decide either way, the courts have no authority to upset that decision.Irvine v. Unemp. Comp. Bd. of Review (1985), 73 Ohio St.3d 694,653 N.E.2d 1207.
Appellant acknowledges that pursuant to R.C. § 4121.29(D)(2) an individual is not entitled to unemployment benefits if he is terminated for just cause. Appellant advances three assignments of error, each alleging that the Review Commission and thereby the Court of Common Pleas erroneously determined that he was discharged for just cause. We will consider these errors together.
The supreme court has defined just cause as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. Unemployment Comp. Bd. of Review
(1985), 19 Ohio St.3d 15, 17, quoting Peyton v. Sun T.V. (1975),44 Ohio App.2d 10, 12. The determination of whether just cause exists necessarily depends upon the unique factual consideration of the particular case. Hardwick v. State of Ohio Unemployment CompensationBoard of Review (Jan. 27, 1994), Allen App. No. 1-93-51.
In the case sub judice, the Review Commission determined that the Great Lakes Medical Clinic had in effect a written work rule specifying that falsely claiming to be sick may result in immediate discharge. The commission further found that the Appellant did not have a legitimate need to miss work on the day in question since he could have brought his concerns in reference to Mr. Muffarreh to the attention of his employer. Furthermore, the commission determined that as Medical Director, Appellant had the authority to restrict Mr. Muffarreh from performing any function for which he was not qualified. Finally, the commission stated that the Appellant's actions, breaking a work rule, constituted significant wrongdoing on his behalf and justified the employer's decision to terminate him.
A thorough review of the record reveals that the Review Commission's decision is supported by the evidence in the record. Dr. Bentley did not address his concerns with his employer. He called in sick rather than discuss the matter with the appropriate person. Dr. Bentley claims that he was mentally sick, scared, nervous, anxious and unable to see patients and therefore he did not break the Clinic's work rule. However, the issue is one of credibility. Was Dr. Bentley justified in feeling this way? The Review Commission determined that he was not. It was completely within the Review Commission's discretion to determine Dr. Bentley's credibility.
As stated above, this court can not make findings of fact in this matter, but may only determine whether some evidence supports the Review Commission's decision. We find that there is sufficient evidence in the record to support that Dr. Bentley's termination for calling in sick falsely constituted a just discharge. Accordingly, Appellant's three assignments of error are overruled.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Hancock County is hereby AFFIRMED.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.