OPINION
{¶ 1} On July 5, 1995, appellant, Benjamin Rayburn, became employed with appellee, Kokosing Construction Company. On September 18, 2000, appellant was discharged due to absence from work without excuse and/or failing to call in pursuant to the Hourly Bargaining Unit Employee Handbook, Operational Procedures, Section 1, Absenteeism and Tardiness.
{¶ 2} In October of 2000, appellant filed an application with appellee, the Ohio Department of Job and Family Services, for unemployment compensation. Said application was disallowed on November 3, 2000.
{¶ 3} On November 17, 2000, appellant filed a request for reconsideration. By redetermination filed December 11, 2000, the initial disallowance was reversed.
{¶ 4} On December 29, 2000, appellee Kokosing appealed the redetermination decision. Hearings were held before the Unemployment Compensation Review Commission on February 12, and March 7, 2001. By decision mailed April 3, 2001, the hearing officer reversed the redetermination decision, finding appellant had been discharged for just cause. The review commission disallowed appellant's request for further review on June 5, 2001.
{¶ 5} On June 26, 2001, appellant filed an appeal to the Court of Common Pleas of Coshocton County, Ohio. By judgment entry filed November 30, 2001, the trial court affirmed the commission's decision.
{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} THE TRIAL COURT ERRED BY FAILING TO CONCLUDE THAT APPELLANT'S ACT OF "REPORTING IN" TO HIS EMPLOYER ON SEPTEMBER 11, 2000 — AT THE OUTSET OF HIS FIVE-DAY ABSENCE FROM WORK — COMPLIED WITH THE "VOLUNTARY QUIT" STANDARD SET FORTH IN APPELLANT'S HOURLY BARGAINING UNIT EMPLOYEE HANDBOOK, THAT APPELLANT DID NOT EFFECT A "VOLUNTARY QUIT" FROM HIS JOB, AND THAT, THEREFORE, APPELLANT'S SEPTEMBER 18, 2000 DISCHARGE — AS A MATTER OF LAW — WAS NOT SUPPORTED BY JUST CAUSE FOR PURPOSES OF UNEMPLOYMENT COMPENSATION ELIGIBILITY.
 I
{¶ 8} Appellant claims the trial court erred in finding the commission's decision was supported by the law and the facts. We disagree.
{¶ 9} Our role in reviewing the trial court's decision is to determine whether the trial court appropriately applied the standard of unlawful, unreasonable or against the manifest weight of the evidence.Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv., 73 Ohio St.3d 694,1995-Ohio-206; Republic Engineered Steels, Inc. v. Strege (1993),84 Ohio App.3d 782. While we are not permitted to make factual findings or determine the credibility of witnesses, we have the duty to determine whether the commission's decision is supported by the evidence in the record. This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio. We are to review the commission's decision sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. We note a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
{¶ 10} The Ohio Department of Job and Family Services can deny a claimant unemployment compensation if the claimant quit his/her job without just cause or was discharged for just cause. R.C. 4141.29(D)(2)(a). "Just cause" is defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."Irvine v. Unemployment Compensation Board (1985), 19 Ohio St.3d 15, 17, quoting Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10, 12. The Irvine
court at 17 further stated "each case must be considered upon its particular merits." In reviewing such a determination, we are not permitted to reinterpret the facts or put our "spin" to the facts.
{¶ 11} The gravamen of the case sub judice is the effect of September 11, 2000 letter by appellant's attorney. Was that letter sufficient to comply with Sec. I of the Hourly Bargaining Unit Employee Handbook.
{¶ 12} cite Blue tab appt br.
{¶ 13} The trial court found the decision of the Board of Review was not unlawful, unreasonable or against the manifest weight of the evidence. Judgment entry November 30, 2001.
{¶ 14} Neither appellant nor appellee dispute the findings of the Board of Review. Findings of Fact April 24, 2001. The reasoning of the Board of Review and decision are disputed.
{¶ 15} yellow tab 12 paras.
{¶ 16} The communications in issue are the September 11, 2000 letter of appellant's counsel to appellee, the report of company car September 13, 2000 and the ? the appellee dated September 13, 2000 wherein the appellee accepted the restrictions of the medical report and requested appellant to return to work on September 13, 2000 "tonight". There is no dispute that appellant was aware of letters and report. R. 10 yellow tab Appellant's attorney had requested appellee not communicate with appellant directly but to refer all correspondence to him. T. at 12.
{¶ 17} It is appellant's position that in the September 11, 2000 letter he requested the "precise demands which any further proposed job will place . . . please provide a detailed description of the proposed job duties. Once I receive that information from you I will provide it to Mr. Rayburn's physician and ask whether he will release Mr. Rayburn to perform the proposed job". Letter 9/11/00 In response appellee provided the following description.
{¶ 18} red tab
{¶ 19} The medical report upon which appellee relies was authored by the same physician as the report relied upon by appellant and his counsel in the September 6, 2000 communication to appellee.
{¶ 20} Appellant argues that he was relieved of his obligation to call off pursuant to § 1 of Hourly Bargaining Unit Employee Handbook because his attorney's letter of September 11, 2000 had done that for him. R. 10. We conclude that the decision was not against the manifest weight of the evidence. The conclusion of the Board of Review that after appellee had given a precise description of his job was sufficient to put appellant on notice that he should either report for work on September 13, 2000 or call in.
{¶ 21} Appellant thru his attorney's actions seeks to shift his responsibilities to his attorney and to add an additional requirement for his return to work. By failing to follow the work rules of his employer, he did in fact voluntarily quit and his termination was with just cause.
{¶ 22} Assignment of Error I is denied.
{¶ 23} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
By FARMER, P.J. WISE, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.