[Cite as *Huth v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-2459.]

9COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IRVIN W. HUTH | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 11AP100040 |
| OHIO DEPARTMENT OF JOB AND | : | |
| FAMILY SERVICES, et al. | | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Tuscarawas County Court
                                of Common Pleas, Case No. 2011 AA 04
                                0437

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         May 24, 2012

APPEARANCES:

For Appellant:                          For Defendant-Appellee ODJFS
                                        SUSAN SHEFFIELD
JOSEPH I. TRIPODI                       20 W. Federal St., 3rd Fl.
114 East High Avenue                    Youngstown, OH 44503
New Philadelphia, OH 44663
                                        For Defendant-Appellee Canton Calvary
                                        Mission
                                        BETH A. RAIES
                                        Tzangas, Plakas, Mannos & Raies
                                        220 Market Ave. S., 8th Fl.
                                        Canton, OH 44702

*Delaney, J.*

{¶1} Appellant Irvin W. Huth appeals from the September 27, 2011 judgment entry of the Tuscarawas County Court of Common Pleas affirming the March 23, 2011 decision of the State of Ohio Unemployment Compensation Review Commission. Appellees are the Director of the Ohio Department of Job and Family Services ("ODJFS") and Canton Calvary Mission ("Employer").

*FACTS AND PROCEDURAL HISTORY*

{¶2} This case began when appellant filed an application for unemployment compensation benefits in 2006. A number of administrative hearings were held and the matter was eventually appealed to the Tuscarawas County Court of Common Pleas. The court remanded the matter for a hearing on January 22, 2010.

{¶3} The procedural history relevant to this appeal begins with this hearing. On March 12, 2010, appellant was notified that a telephonic hearing on his claim was scheduled for March 24, 2010. On March 17, 2010, a postponement notice was issued which indicated that a new hearing date would be set.

{¶4} On November 22, 2010, appellant was notified that an in-person hearing was set for December 7, 2010 at 1:00 p.m. at the Horizon Building in Richmond Heights, Ohio.

{¶5} At approximately 8:11 a.m. on December 7, 2010, appellant's representative, Michela Huth, telephoned the hearing officer to ask that the hearing be continued in light of inclement weather. The request was denied because the hearing was not until 1:00 p.m., giving appellant ample time to travel, and the matter had been postponed previously because appellant requested an in-person hearing.

{¶6}   At 1:00 p.m., the hearing officer, the employer's representative, and two of her clients appeared for the hearing.  Appellant, however, did not appear.

{¶7}   On December 9, 2010, the Hearing Officer issued a dismissal notice pursuant to R.C. 4141.281(D)(5).

{¶8}   On December 16, 2010, appellant filed a statement of good cause for failure to appear with the Unemployment Compensation Review Commission and requested a hearing. A telephone hearing was held on March 14, 2011.

{¶9}   On March 23, 2011, the commission found that appellant did not have substantial reason put forth in good faith, sufficient to excuse his failure to appear at the hearing, and therefore had not established good cause.  The commission thereby affirmed the dismissal of appeal.

{¶10} Appellant appealed the commission's decision to the Tuscarawas County Court of Common Pleas, which affirmed the commission's decision September 27. 2011.

{¶11} Appellant now appeals from the decision of the Tuscarawas County Court of Common Pleas.

{¶12} Appellant raises two Assignments of Error:

{¶13} "I.  THE COURT OF COMMON PLEAS ERRED AND ABUSED IT'S (*sic)* DISCRETION WHEN IT AFFIRMED THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S MARCH 23, 2011 DECISION FINDING THAT APPELLANT DID NOT DEMONSTRATE GOOD CAUSE FOR FAILURE TO APPEAR AT THE DECEMBER 7, 2010 HEARING."

{¶14} "II. THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT APPELLANT DID NOT HAVE GOOD CAUSE FOR FAILING TO APPEAR AT THE DECEMBER 7, 2010 HEARING."

{¶15} This case comes to us on the accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E)  Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶16} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.  *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶17} This appeal shall be considered with the foregoing rules in mind.

I., II.

{¶18} In his first and second assignments of error, appellant argues that the trial court erred in finding that the commission's decision was supported by the

evidence and was not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶19} As a reviewing court, we may reverse an unemployment board determination if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas, & Mannos v. Administrator*, 73 Ohio St.3d 694, 653 N.E.2d 1207 (1995), paragraph one of the syllabus. While appellate courts are not permitted to make factual findings or to determine credibility of witnesses, they have the duty to determine whether the commission's decision is supported by the evidence in the record. *Id*. at 696. The same standard of review applies at every level of review, from the court of common pleas through the Ohio Supreme Court. *Id*.

{¶20} Further, we may not reverse the commission's decision simply because "reasonable minds might reach different conclusions." *Williams v. Ohio Dept. of Job and Family Servs.*, 129 Ohio St.3d 332, 335, 2011-Ohio-2897, 951 N.E.2d 1031, citing *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985).

{¶21} The process of filing applications for unemployment compensation benefits with the ODJFS Director, and appeals from decisions thereof, is set forth in R.C. 4141.28.

{¶22} We begin with R.C. 4141.28(D)(5), which states:

> For hearings at either the hearing officer or review level, if the appealing party fails to appear at the hearing, the hearing officer shall dismiss the appeal. The commission shall vacate the dismissal upon a showing that written notice of the hearing was not sent to that party's last known address, or good cause for

appellant's failure to appear is shown to the commission within fourteen days after the hearing date.

If the commission finds that the appealing party's reason for failing to appear does not constitute good cause for failing to appear, the commission shall send written notice of that finding, and the appealing party may request a hearing to present testimony on the issue of good cause for failing to appear. The appealing party shall file a request for hearing on the issue of good cause for failing to appear within ten days after the commission sends written notice indicating a finding of no good cause for failing to appear.

{¶23} The record establishes that the hearing was scheduled for December 7, 2011, at 1:00 p.m. in Richmond Heights, Ohio, an area affected that day with inclement weather. Appellant's representative called at 8:11 a.m. to seek a postponement, stating that appellant could not drive. The postponement was denied but appellant failed to appear at the hearing. The employer's representatives and witnesses did appear at the hearing, along with the hearing officer. No evidence was admitted of any snow emergency on the date of the hearing, the roads were described as passable, and appellant admitted that he made no attempt to travel to the hearing but relied upon weather reports in the news that day. Evidence was admitted that appellant received some medical treatment in 2007 for vision issues including difficulty with night vision and blurriness.

{¶24} Our purpose is not to re-evaluate the facts determined by the commission, but rather to determine whether the conclusion that appellant failed to demonstrate good cause for failure to attend the hearing is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas, and Mannos, supra*, 73 Ohio St.3d at 697.

{¶25} "Good cause" for failure to attend a hearing, as described in R.C. 4141.28(D)(5), is different than "just cause" for leaving employment or termination of employment, as described in R.C. 4141.29(D)(2). As appellant points out, at least one appellate court has used the terms interchangeably. See, *Wilson v. Ohio Dept. of Job & Family Servs.*, 8th Dist No. 94692, 2010-Ohio-5611. We have followed the oft-cited definition of "just cause" in *Irvine*, supra, which is "that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d at 17, citing *Peyton v. Sun T.V.*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975).

{¶26} In the case at bar, the commission "consider[ed] good cause to mean a substantial reason put forth in good faith that is not unreasonable, arbitrary, or irrational and that is sufficient to create a reasonable excuse for an act or a failure to act." This definition is consistent with that used by the commission in *Sciortino v. Administrator, Ohio Bur. of Emp. Serv.*: "that reason which would make an ordinary intelligent individual follow the same procedure in the same or similar circumstances." 4th Dist. No. 1727, 1992 WL 80064 (Apr. 14, 1992), appeal not allowed, 65 Ohio St.3d 1420, 598 N.E.2d 1171 (1992).

{¶27} Each of these definitions, essentially, stresses reasonableness and objectivity. When applied to the facts before the commission in this case, we must affirm the commission's determination that appellant failed to demonstrate good cause for failure to attend the hearing. The commission's determination is supported by the record and is neither unlawful, unreasonable, nor against the manifest weight of the evidence.

{¶28} Appellant's two assignments of error are overruled and the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE

[Cite as *Huth v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-2459.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IRVIN W. HUTH | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, et al. | : | |
| | : | |
| | : | Case No. 11AP100040 |
| Defendants-Appellees | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE