**THAKE, Appellant,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW et al., Appellees.**

[Cite as *Thake v. Unemployment Comp. Bd. of Review* (1990), 67 Ohio App.3d 503.]

Court of Appeals of Ohio,
Trumbull County.

No. 89–T–4224.

Decided April 30, 1990.

*William Roux,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Merl H. Wayman,* Assistant Attorney General, for appellee Unemployment Compensation Board of Review.

*R. Rudloff,* for appellee Avalon Inn Services.

EDWARD A. COX, Judge.

Appellee, Avalon Inn Services, is a hotel resort located in Trumbull County, Ohio. For approximately two years, appellee employed appellant, Sharon Thake, as a sales and catering representative. In this position, appellant's primary duties involved booking various functions at the resort and then assisting in the catering of the events. As part of the latter responsibility, appellant was sometimes required to assist in moving food and liquor to the various rooms in the resort.

In the spring of 1987, appellant was diagnosed as having a serious heart ailment. At that time, appellant's doctor advised her to leave her job and avoid lifting or pushing any heavy objects. Instead of following this advice, appellant remained with appellee. However, she did explain her situation to her immediate superior, who agreed to change her working hours. The superior also made arrangements to have other members of staff assist appellant in moving the food and liquor.

Despite these arrangements, appellant still, on some occasions, had to move supplies around the resort. Also during the following months, appellant began to experience problems in walking around the grounds and using the stairs. Her superior again attempted to alleviate the problem by allowing her

to use the elevator in more situations. However, by May 1988, appellant felt that her condition was deteriorating and left her position with appellee.

On June 2, appellant filed an application for unemployment compensation with the state. In materials accompanying her application, appellant stated that her doctor advised her to find a job involving light "desk" work. Finding that appellant had a substantial reason for leaving, the administrator granted her request for benefits both initially and upon reconsideration.

Appellee appealed this decision to the Unemployment Compensation Board of Review, and an evidentiary hearing was held before a referee. At that hearing, appellant and three members of appellee's staff testified as to the circumstances surrounding her resignation. Based upon this testimony, the referee reversed the administrator's decision and suspended appellant's benefit rights. The referee found that appellant had quit without just cause, since she did not give appellee the opportunity to accommodate her problem.

Appellant first filed an application for a further appeal with the board of review. This application was disallowed. She then appealed to the Trumbull County Court of Common Pleas, pursuant to R.C. 4141.28(O). After reviewing the record of the board proceedings, the common pleas court affirmed the board's denial of benefits. The court found that the board's decision was lawful, reasonable, and supported by the evidence.

On appeal to this court, appellant has assigned the following as error:

"The Trumbull County Court of Common Pleas erred in affirming the Board of Review's decision holding that appellant Sharon L. Thake quit her employment with Avalon Inn Services, Inc. without just cause within the meaning of R.C. 4141.29(D)(2)(a) when the appellant Sharon L. Thake quit her employment upon the advice of her doctor."

R.C. 4141.29(D)(2)(a) provides that an individual is not entitled to unemployment benefits if she quit her last position without just cause. As noted above, the board referee held that just cause had not been shown in this case, since appellant did not inform appellee of her continuing problem and thus give it the opportunity to accommodate her. In her sole assignment, appellant submits that the common pleas court erred in affirming the board's decision because the referee's finding was against the manifest weight of the evidence. This argument is without merit.

Although not stated in the decision, the referee's ruling in this case was based upon the Ohio Supreme Court's holding in *Irvine v. Unemployment Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 19 OBR 12, 482 N.E.2d 587. In that case, the claimant was told by her doctors that she should avoid any work which was physically demanding or would cause mental stress. Even though

the claimant informed her employer of her condition before quitting, the Supreme Court held that she was not entitled to benefits because she did not give "sufficient timely notice to afford it [the employer] the opportunity of finding satisfactory alternative employment for her." *Id.* at 18, 19 OBR at 15, 482 N.E.2d at 590.

The record in this case shows that when appellant first learned that she had a serious heart ailment, she informed her superior of the problem. He then attempted to make her job less strenuous by having other staff members assist her in moving supplies. While this attempt was apparently in good faith, appellant testified that there were still many instances in which it was necessary for her to perform this task. As a result, the job was still strenuous for her.

Appellant also testified that because of her continuing problem, she approached her superior again and asked whether her position could be altered to involve only desk work. However, her superior stated at the hearing that after the initial changes in appellant's duties were made, she never stated that the job was still too strenuous for her. Thus, the record in this case contains some competent, credible evidence supporting the referee's decision on this issue. Appellant failed to give sufficient notice to her employer of her continuing problem.

Appellant places heavy emphasis upon the fact that her doctor specifically told her to quit her job with appellee. While it is clear from the record that appellant's ailment was severe, this fact is not sufficient to show just cause under *Irvine*. The claimant has the burden of also showing that her employer did not have a comparable job she could perform.

■ Had I sat on this case on the board of review, my decision might have been different; but R.C. 4141.28(O) states that the common pleas court must affirm the board's decision unless it finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence. In turn, a court of appeals cannot reverse unless the common pleas court abuses its discretion. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280. Based upon the foregoing analysis, we find that the common pleas court did not abuse its discretion in affirming the board's decision.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Joseph E. Mahoney, P.J., and Lynch, J., concur.

Edward A. Cox, J., of the Seventh Appellate District, sitting by assignment.

John J. Lynch, J., retired, of the Seventh Appellate District, sitting by assignment.