**METAL POWDER PRODUCTS, INC., Appellant,**

v.

**ADMR, OHIO BUREAU OF EMPLOYMENT SERVICES et al., Appellees.**

[Cite as *Metal Powder Products, Inc. v. Ohio Bur. of Emp. Serv.* (1990), 69 Ohio App.3d 785.]

Court of Appeals of Ohio,
Hocking County.

No. 89 CA 14.

Decided Oct. 12, 1990.

*Spencer M. Youell,* for appellant.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Patrick K. Wilson*, for appellees.

—————

GREY, Judge.

This is an appeal from a judgment of the Hocking County Common Pleas Court which affirmed the decision of the Unemployment Compensation Board of Review ("the board"). The board found that appellee Thomas Russell had not been fired for just cause.

█ Appellant, Metal Powder Products, Inc. ("Metal Powder"), appeals, but counsel for appellant failed to designate an assignment of error in spite of the clear mandate under App.R. 16(A)(2) to do so. While this failure might constitute grounds under App.R. 12(A) to disregard appellant's claim of error, this court feels it is inappropriate to impose the sanction of dismissal against a party when it is counsel, supposedly a licensed attorney with knowledge of the minimal requirements for a brief in this court, who is at fault. See *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 23 O.O.3d 210, 431 N.E.2d 644.

█ In the appeal to the court of common pleas, appellant did designate five assignments of error. We shall select the first as the assignment of error in this case.

"The Board of Review erred in failing to find that Russell, Appellee, was discharged for just cause in connection with work."

The facts in this case are essentially undisputed. Claimant Russell began working for Metal Powder in March 1977. Metal Powder had an established absenteeism policy that provided in relevant part:

"The following rules are to serve as a guideline for the Company's administration of its absenteeism policy. *This does not in any sense restrict the Company from applying other rules to the chronic offender.*

"Rules:

"1. Any person whose total time of chargeable absence, tardiness, and short time exceeds forty (40) hours during any three (3) month period shall receive a written warning.

"2. A second occurrence of chargeable absence, tardiness, and short time exceeding forty (40) hours during any three (3) month period shall constitute a three (3) day layoff, unless one (1) year has been completed without discipline since the last Step.

"3. A third occurrence of chargeable absence, tardiness, and short time exceeding forty (40) hours during any three (3) month period shall result in

discharge, unless one (1) year has been completed without discipline since the last Step." (Emphasis added.)

Russell's employment history and absenteeism record with Metal Powder Products is as follows:

October 1978: written warning

November 1980: written warning

June 1981: three-day suspension

September 1982: written warning

November 1982: three-day suspension

May 1985: written warning

November 1987: written warning

May 1988: discharge for chronic absenteeism

When Russell was discharged, he applied for unemployment benefits but his claim was denied by the administrator. On appeal, the referee for the board reversed the administrator and held in favor of Russell. Metal Powder appealed to the Hocking County Court of Common Pleas, which affirmed.

The standard of review in this kind of case is set out in paragraph three of the syllabus in *Angelkovsky v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280:

"An appellate court, in reviewing a determination of a court of common pleas on manifest weight of the evidence on appeal from the board of review, may reverse only upon a showing that the trial court abused its discretion. In this context, abuse of discretion connotes more than an error of judgment; it implies a decision which is without a reasonable basis, one which is clearly wrong."

Applying that standard, we find the decision of the board is clearly wrong and reverse that decision. The referee found that "the facts indicate that the claimant was discharged under a procedure not in accordance with employer's own rules." He went on to characterize the employer's conduct as an "aberration." While the employer did set forth a set of guidelines for employees that involved a step process for continuing absenteeism, the rules clearly reserve the right to treat chronic offenders differently.

The referee further found that the employer failed to define chronic offender, or to advise Russell he would be treated as such. "Chronic" means chronic, continuing regularly over a long period. The word has no other meaning and is commonly used to describe long-term medical afflictions like a

chronic backache, or recurring behavior like a chronic complainer. In this case, Russell's conduct can only be characterized as chronically absent.

The employer has just cause to fire an employee for chronic absenteeism. In *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 19 OBR 12, 482 N.E.2d 587, the Ohio Supreme Court said:

"The term 'just cause' has not been clearly defined in our case law. We are in agreement with one of our appellate courts that '[t]here is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12 [73 O.O.2d 8, 9, 335 N.E.2d 751, 752]." *Irvine, supra,* 19 Ohio St.3d at 17, 19 OBR at 14, 482 N.E.2d at 589.

Applying the standards set out in *Irvine, supra,* and *Angelkovsky, supra,* we find that the decision of the board and the judgment of the trial court affirming the decision are against the manifest weight of the evidence and an abuse of discretion.

Appellant's assignment of error is well taken. The judgment of the trial court is reversed, and this case is remanded to the Unemployment Compensation Board of Review with the direction to enter a finding in favor of appellant Metal Powder Products consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HARSHA, J., concurs.

STEPHENSON, J., concurs in judgment only.