JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Dale C. Woodworth, appeals the decision of the Cuyahoga County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("Review Commission") to disallow unemployment benefits to him. Finding no error in the proceedings below, we affirm.
 {¶ 2} Woodworth worked for Universal Grinding Corporation ("Universal") from April 2000 to November 21, 2005, as a production operator. On March 31, 2005, Universal instituted a new no-fault attendance policy. Under the policy, employees received a written warning upon the accumulation of ten occurrences during a twelve-month period, a second written warning upon the accumulation of twelve occurrences in a twelve-month period, and were terminated upon the accumulation of fifteen occurrences during a twelve-month period.
 {¶ 3} On August 23, 2005, Woodworth was given a written warning for accumulating ten occurrences since March 31, 2005. Thereafter, he was a "no-call/no-show" on September 9 and October 28. Woodworth called in sick on November 4, and again on November 7. He took off on November 17 and 18 for a friend's funeral. On November 21, 2005, Woodworth was terminated for accumulating sixteen occurrences under the attendance policy.
 {¶ 4} During this eight-month period, Woodworth was absent an additional sixteen days for being sick and took two unplanned vacation days. He was absent fourteen days from May 12 through June 1 that were not counted against him because he produced a doctor's excuse. He also took two unplanned vacation days *Page 4 
on April 14 and 15 that were not counted against him. Finally, Woodworth was absent September 29 and 30, and those days were not counted against him because he presented a doctor's excuse. The attendance policy indicates that if an employee is absent for three or more days and presents a doctor's excuse, the absence will count as one occurrence.
 {¶ 5} After Woodworth was terminated, he filed an application for determination of benefit rights. The defendant-appellee, the Director, Ohio Department of Job and Family Services ("Director"), issued an initial determination holding that Woodworth was discharged for just cause. Woodworth appealed. The Director issued a redetermination affirming the initial determination. Woodworth appealed.
 {¶ 6} The Director transferred jurisdiction to the Review Commission. A hearing was held, and Woodworth's application for determination of benefit rights was disallowed again, upon a finding that Woodworth was discharged by Universal Grinding Corporation for just cause in connection with work.
 {¶ 7} Woodworth appealed the Review Commission's decision to the Cuyahoga County Court of Common Pleas pursuant to R.C. 4141.282. The court affirmed the Review Commission's decision, finding that the decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Woodworth appeals, advancing two assignments of error for our review. Since he argues the two together, we will address the assigned errors together. *Page 5 
 {¶ 8} In Woodworth's first assignment of error, he argues that the trial court's finding was erroneous because his termination was not with just cause because the employer did not follow its established attendance policy. Woodworth contends the record demonstrates that he never received his second written warning and, therefore, was not terminated for just cause.
 {¶ 9} In Woodworth's second assignment of error, he asserts that the trial court erred when it affirmed the Review Commission's determination because the hearing officer based the decision on irrelevant absences.
 {¶ 10} An appellate court may reverse "just cause" determinations if they are unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas v. Ohio Bur. of Employ. Serv., 73 Ohio St.3d 694,1995-Ohio-206, citing Irvine v. Unemployment Comp. Bd. of Review (1985),19 Ohio St.3d 15, 17-18. Appellate courts are not permitted to make factual findings or to determine the credibility of the witnesses; however, the appellate court has the duty to determine whether the board's decision is supported by the evidence in the record. Id.
 {¶ 11} To be eligible for unemployment compensation benefits in Ohio, claimants must satisfy the criteria established pursuant to R.C. 4141.29(D)(2)(a), which provides that no individual may be paid benefits if he has been discharged for just cause in connection with his work. Just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. Irvine, supra at 17. Just cause determinations in this context must be consistent with the legislative purpose underlying the Unemployment *Page 6 
Compensation Act, which is to provide financial assistance to an individual who had worked, was able and willing to work, but because of no fault of his own, is temporarily without employment. Id. The Act does not protect employees from themselves. Tzangas, supra at 699. It protects employees from economic forces over which they have no control. Id.
 {¶ 12} Whether just cause exists is unique to the facts of each case.Irvine at 18. The factual questions are primarily within the province of the referee and the board. Id. This court has limited power of review.
 {¶ 13} Here, the Review Commission found that Woodworth was discharged for just cause in connection with work. The Review Commission reasoned that Woodworth accumulated sixteen absences in only eight months, and that "[a]though the policy was a no fault one, his supervisors did not include in his total occurrences an additional sixteen days of absence for which he provided doctor's excuses or two days of unplanned vacation time." The Review Commission also reasoned that a reasonable individual faced with discharge under an employer's attendance policy would not take two days off of work for someone other than an immediate family member, and that Woodworth's decision to take the time off, knowing that he had already been absent thirty-three days in less than eight months, shows "a willful disregard of the employer's interest."
 {¶ 14} We find no merit to Woodworth's argument that he did not receive his second written warning and thus was terminated without just cause. According to the testimony of Michael Hoyt, assistant to the president of Universal, Woodworth *Page 7 
did receive a second written warning. Regardless, even if he had not received a second warning, under these circumstances, it would not have impacted the ultimate determination. After his first written warning, Woodworth proceeded to miss eight more days, knowing that if he missed five more days he would be terminated. Two of these eight days were not counted against him, and on two of the days Woodworth was a "no-show/no-call." Under these circumstances, we cannot say that the Review Commission's "just cause" determination was unlawful, unreasonable, or against the manifest weight of the evidence. See, also,Durgan v. Ohio Bur. of Employ. Serv. (1996), 110 Ohio App.3d 545.
 {¶ 15} Woodworth also argues that the Review Commission considered irrelevant evidence when making its decision. Specifically, Woodworth complains that his attendance history should not have been considered. Again, we disagree.
 {¶ 16} Woodworth bears the burden of proving that his employer lacked just cause for his discharge. Irvine, supra. He must be able to demonstrate he is entitled to unemployment compensation by showing that he was free from fault in bringing about his termination. Even in a no-fault absenteeism policy, Woodworth is not relieved of this burden.Durgan, supra. Chronic and excessive absenteeism is generally considered to be just cause for discharge unless a bona fide illness excuses the absence. See Metal Powder Products, Inc. v. Ohio Bur. of Emp. Serv.
(1990), 69 Ohio App.3d 785, 788; Coleman v. Ohio Bur. of Emp. Serv.
(Nov. 30, 1995), Cuyahoga App. No. 68853. Further, considering an employee's total employment history when reviewing a just cause determination is not prohibited. *Page 8 Case W. Reserve Univ. v. Ohio Bur. of Empl. Servs., Cuyahoga App. No. 79189, 2002-Ohio-40.
 {¶ 17} Here, there was testimony that Woodworth missed one out of every ten days he worked before the policy was established. Further, the record indicates that the new policy was discussed with the employees, a trial run was done, and a report card given before it was ever instituted. The Review Commission noted that during Woodworth's first four years of employment, prior to the attendance policy, he was absent 97 days. Regardless of his employment history, Woodworth clearly could not establish that he was free from fault in bringing about his termination. In the six-month period at issue, there were approximately 165 working days, of which he missed 33 days. Although only 16 days were counted against him, that is still a 20 percent absenteeism rate. Under these circumstances, we cannot say that the Review Commission's "just cause" determination was unlawful, unreasonable, or against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
FRANK D. CELEBREZZE, JR., J., CONCURS; MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY *Page 1