DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that affirmed the decision of the Ohio Unemployment Compensation Review Commission denying unemployment benefits to appellant. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} On appeal, appellant, William M. Baker, Jr., sets forth the following assignment of error: *Page 2 
 {¶ 3} "[T]he decision of the hearing officer is not supported by some substantially reliable, probative evidence, and thereby the decision of the court is substantially against the weight [sic] of the evidence."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. Appellant was employed as a telemarketer with Erie Construction Company ("Erie") from April 2002, until October 8, 2002. On October 8, 2002, appellant left Erie at the beginning of lunch and never returned to work. One of appellant's coworkers furnished him a ride home at the beginning of the lunch period. Appellant told his coworker during their ride together that he quit his job. The coworker returned to the office after lunch and informed appellant's supervisor that appellant told her he had quit. Consistent with this information, appellant did not return to complete his shift on October 8, 2002.
 {¶ 5} In addition, appellant directly telephoned his supervisor later in the afternoon of October 8, 2002, and advised him that he was resigning from his position. That same day, the supervisor completed the internal paperwork regarding appellant's separation from employment.
 {¶ 6} On October 9, 2002, appellant attempted to retract his resignation. Appellant called the supervisor again and requested that he be permitted to rescind the resignation. Appellant was instructed to reapply for possible re-hire with the company. Appellant was later informed by the human resources manager that there were no available positions. In the interim, appellant's position had been filled.
 {¶ 7} Appellant filed an application for unemployment benefits. On November 25, 2002, the Director of the Ohio Department of Job and Family *Page 3 
Services denied appellant's unemployment claim. The director determined that appellant was ineligible for benefits because appellant had quit without cause and terminated his employment. Appellant filed a request for reconsideration of the director's denial. The director's decision was upheld in a redetermination issued on December 17, 2002.
 {¶ 8} On January 2, 2003, the matter was forwarded to the Unemployment Compensation Review Commission. On May 19, 2003, the review commission conducted an oral hearing on appellant's claim. On May 23, 2003, the hearing officer affirmed the director's finding that appellant quit without cause and was thereby ineligible for benefits.
 {¶ 9} On August 8, 2003, appellant appealed the decision of the hearing officer to the Lucas County Court of Common Pleas. On May 19, 2006, the trial court affirmed the hearing officer's determination that appellant had quit his employment without cause and was ineligible for benefits. On June 21, 2006, appellant filed a timely notice of appeal to this court.
 {¶ 10} In his assignment of error, appellant asserts that the hearing officer's judgment was against the weight of the evidence. In the course of the appeal, appellant has reframed the issue for our review several times. Each has an identical substantive meaning. Appellant challenges the hearing officer's decision as being against the manifest weight of the evidence.
 {¶ 11} R.C. 4141.282(H) establishes that courts must affirm determinations rendered by the review commission unless they find the decision to be unreasonable or against the manifest weight of the evidence. In conjunction with the above, R.C. *Page 4 4141.29(D)(2)(a) renders one ineligible for unemployment benefits if he quits his employment without cause. The term "quit" connotes a "voluntary act by an employee not controlled by the employer."Heinze v. Giles (1990), 69 Ohio App.3d 104, 111.
 {¶ 12} We also note that R.C. 4141.46 mandates that the Unemployment Compensation Act be liberally construed in favor of beneficiaries.Abate v. Wheeling-Pittsburgh Steel Corp. (1998), 126 Ohio App. 3d 742,748. However, in so doing we must keep in mind that the purpose of the Act is to provide financial assistance to those who find themselves unemployed through no fault of their own. See Irvine,19 Ohio St. 3d at 17.
 {¶ 13} Given the above, the outcome of this case is determined by one critical factual issue. If appellant voluntarily quit his position without cause, he cannot collect benefits. This precise factual determination made by the commission, and affirmed by the trial court, is what appellant now asserts to be unreasonable.
 {¶ 14} We must determine whether the review commission's decision was unreasonable or against the manifest weight of the evidence.Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 696. The Ohio Supreme Court has established that the review commission is vested with the sole province of making factual determinations. The trial court is not permitted to weigh the evidence or substitute its judgment upon lower court factual determinations.Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41, 45.
 {¶ 15} We have carefully reviewed the entire record of proceedings in order to determine the validity of the appeal. Testimony was presented to the review commission *Page 5 
by appellant's supervisor and coworker consistently testifying that appellant indicated to both parties that he was quitting his position on October 8, 2002.
 {¶ 16} The record shows that appellant was scheduled to work a full day on October 8, 2002. The record shows that appellant left Erie at the beginning of the lunch period and never returned. The record shows that appellant contacted his supervisor the following day to request reinstatement to the position that he now claims never to have quit.
 {¶ 17} The record shows that appellant was an at-will employee working for a private employer. Appellant was not covered by any form of labor agreement which could have conceivably negated the ramifications of appellant's actions and words on October 8, 2002. The assigned hearing officer for the review commission examined this evidence and concluded that appellant quit his employment without cause.
 {¶ 18} Ohio law establishes that those who separate from employment in that manner are ineligible for benefits. R.C. 4141.29. While appellant goes to great lengths in an effort to demonstrate his effectiveness as an employee at Erie and to convince us that Erie should have permitted him to return to work, none of that has any legal relevance to the legal consequences of appellant's act in quitting employment without cause. The evidence in the record and the testimony furnished by two separate witnesses collectively establish a reasonable evidentiary basis to conclude that appellant quit his employment without cause. *Page 6 
 {¶ 19} We find the review commission's decision was not unreasonable or against the manifest weight of the evidence. The review commission's factual determination that appellant quit his employment with Erie without just cause was supported by competent, credible evidence. As such, that decision must be affirmed. We find appellant's assignment of error not well-taken.
 {¶ 20} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1