McNEIL CHEVROLET, INC., Appellee,

v.

UNEMPLOYMENT COMPENSATION REVIEW BOARD et al.; Director,
Ohio Department of Job & Family Services, Appellant.

[Cite as *McNeill Chevrolet, Inc. v. Unemployment Comp.
Rev. Bd.*, 187 Ohio App.3d 584, 2010-Ohio-2376.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–09–015.

Decided May 28, 2010.

Daniel P. McQuade, for appellee.

Richard Cordray, Ohio Attorney General, and Eric A. Baum, Managing Attorney, for appellant.

---

PIETRYKOWSKI, Judge.

{¶ 1} Appellant, Director of the Ohio Department of Job and Family Services ("ODJFS"), appeals the judgment of the Fulton County Court of Common Pleas in an administrative appeal from a decision of the Ohio Unemployment Compensation Review Commission ("UCRC"). For the reasons that follow, we reverse the lower court's judgment.

{¶ 2} The facts appellant relies upon were developed at the April 24, 2008 UCRC hearing and are as follows. Claimant, Eric Balazs, began his employment relationship with the appellee-dealership on October 21, 2004. His direct supervisor was Nick Taylor, the service manager, and the co-owners of the dealership, Andrew McNeill and John Larich, maintained supervisory control over Balazs as well. As a car detailer, Balazs's main duty was to prepare the cars for sale, which included washing the exterior, shampooing and cleaning the interior, and cleaning the engine. Once the cars were prepared for sale, Balazs's duties ceased, because appellee employed two part-time workers (known as porters) to keep them clean thereafter.

{¶ 3} Balazs worked at a flat rate of 4.5 hours of pay per vehicle he detailed. The vehicles generally did not take 4.5 hours to complete. Balazs was required to redo any areas that he missed, which usually took no longer than one-half hour.

{¶ 4} Balazs's testimony chronicled several incidents of alleged abuse. He described instances in which Andrew McNeill would get "literally in [his] face" and scream profanities at him in front of his co-workers and the dealership's

customers. On certain occasions, McNeill also threw objects, such as a garbage can and car parts, in Balazs's direction. Balazs further testified that he tried to report these incidents to John Larich, and Larich swore at him and threatened his job. Moreover, Balazs reported that he had been subjected to ridicule for being a practicing Christian. Balazs testified that the final incident of verbal abuse occurred on December 10, 2007.

{¶ 5} The final incident occurred on January 9, 2008, when McNeill ordered Balazs to re-detail the entire lot without pay. Normally, Balazs was paid by each car he detailed. But on that day, he testified, Nick Taylor was "going through the entire lot" of cars, telling Balazs he had to "redo this entire damn dealership for free." Balazs then terminated his employment relationship with appellee and applied for unemployment benefits the following day.

{¶ 6} On January 30, 2008, the ODJFS found that Balazs quit without just cause, which rendered him ineligible for benefits. Upon internal reconsideration, the decision was affirmed. Balazs appealed this ruling, at which time jurisdiction was transferred from ODJFS to the UCRC for a full hearing. On April 30, 2008, the UCRC hearing officer affirmed the ODJFS decision with respect to Balazs's separation from McNeill Chevrolet, ruling that he had quit without just cause.

{¶ 7} Balazs timely requested review by the entire UCRC membership, which reversed the hearing officer's decision without further testimony. On July 23, 2008, the full commission concluded that Balazs was "reasonable in concluding that he could not expect relief from the verbal abuse and extreme profanity" he had been experiencing at his workplace and that Balazs's refusal to detail additional cars without compensation was also reasonable. Therefore, Balazs quit with just cause.

{¶ 8} From this decision, McNeill Chevrolet filed a timely appeal to the Fulton County Court of Common Pleas.[1] The court reversed the UCRC panel's finding of just cause. The court reasoned that because the last incident of alleged abuse occurred on December 10, 2007, and Balazs did not quit until nearly a month later, the incidents must not have been as egregious as Balazs claimed. Since the UCRC did not find the hearing officer's decision "unlawful, unreasonable, or against the manifest weight of the evidence," the trial court reasoned, "the UCRC's [d]ecision is not [supported by competent evidence]."

{¶ 9} The ODJFS now appeals the trial court's judgment and sets forth the following assignment of error:

{¶ 10} "Mr. Balazs quit employment after enduring his supervisor's (1) incessant verbal abuse and (2) demands that Mr. Balazs re-detail cars for no additional

---

1. Though named as a defendant, Balazs did not appear in the proceedings in the trial court.

compensation. Because any ordinary, intelligent person would quit under such circumstances, the review commission's decision that Mr. Balazs' decision to quit was for just cause is supported by some competent, credible evidence. The lower court's decision to the contrary should be reversed."

{¶ 11} At the outset we must address appellee's argument that appellant lacks standing to maintain this appeal. Specifically, appellee asserts that because appellant's interest in the case is "contingent," appellant is not the "aggrieved party." Balazs is the aggrieved party in this case.

{¶ 12} R.C. 4141.282(A) provides that "[a]ny interested party * * * may appeal the decision of the commission to the court of common pleas." R.C. 4141.01(I) defines "interested party" as "the director and any party to whom notice of a determination of an application for benefit rights or a claim for benefits is required to be given under section 4141.28 of the Revised Code."

{¶ 13} Based on the above-quoted provisions, appellant is clearly an interested party. In addition, we have found several cases where the ODJFS has pursued further appellate review, cf. *Warner v. Keystone Automotive Industries, Inc.*, 6th Dist. No. L–08–1392, 2009-Ohio-3396, 2009 WL 2004384; *Myers v. Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 09CA0024, 2009-Ohio-6023, 2009 WL 3806210.

{¶ 14} We must now determine the appropriate standard of review. R.C. 4141.282(H) provides the standard of review of the common pleas court:

{¶ 15} "The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."

{¶ 16} In *LaChapelle v. Dir. of Job & Family Servs.*, 184 Ohio App.3d 166, 2009-Ohio-3399, 920 N.E.2d 155, ¶ 17, this court noted:

{¶ 17} "Our standard of review for just-cause determinations by the UCRC is identical to that of the trial court. *Tzangas, Plakas & Mannos v. Admr., Ohio Bur. of Emp. Servs.* (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207. We may reverse only if we find that the UCRC's conclusion was unlawful, unreasonable, or against the manifest weight of the evidence. Id. We must focus on the UCRC's decision rather than the trial court's. *Carter v. Univ. of Toledo*, 6th Dist. No. L–07–1260, 2008-Ohio-1958, 2008 WL 1837254, ¶ 13. * * *. We keep in mind that the Unemployment Compensation Act is to be liberally construed in favor of beneficiaries. R.C. 4141.46. See also *Baker v. Ohio Dept. of Job & Family Servs.*, 6th Dist. No. L–06–1198, 2007-Ohio-743, 2007 WL 549574, ¶ 12."

{¶ 18} The parties are in dispute as to the standard of review with respect to the hearing officer's findings and the subsequent full commission. Appellee asserts that the hearing officer was the fact finder, not the full commission; thus, the full commission was required to give some deference to the hearing officer's findings. Conversely, appellant argues that the full commission was to apply a de novo standard of review to the hearing officer's decision.

{¶ 19} R.C. 4141.281 provides the procedure for administrative appeals. R.C. 4141.281(C)(6) states:

{¶ 20} "If the commission allows a request for review, the commission shall notify all interested parties of that fact and provide a reasonable period of time, as the commission defines by rule, in which interested parties may file a response. After that period of time, the commission, based on the record before it, may do one of the following: affirm the decision of the hearing officer; provide for the appeal to be heard or reheard at the hearing officer or review level; provide for the appeal to be heard at the review level as a potential precedential decision; or provide for the decision to be rewritten without further hearing at the review level. When a further hearing is provided or the decision is rewritten, the commission may affirm, modify, or reverse the previous decision."

{¶ 21} As set forth above, if the full commission allows a request for review, it may, in its discretion, conduct an additional hearing but it is not required to do so. If no hearing is conducted, the commission may rewrite the decision affirming, modifying, or reversing the previous decision.

{¶ 22} In *Watkins v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP–479, 2006-Ohio-6651, 2006 WL 3703376, ¶ 21, the Tenth Appellate District determined that although the full commission did not conduct an additional hearing, it "retained the latitude to determine the credibility of the witnesses." In support, the court relied on Civ.R. 53, which permits a trial court to review a magistrate's decision, including weighing the credibility of the witnesses, without taking additional evidence. Id. at ¶ 20.

{¶ 23} We agree with the reasoning in *Watkins*. Thus, the review by the full commission is de novo and the commission is permitted to weigh the credibility of the witnesses in making its determination.

{¶ 24} Turning to the merits of this appeal, we are asked to decide whether the trial court erred in reversing the UCRC's finding that Balazs quit his job for just cause. R.C. 4141.29(D)(2)(a) provides that an employee is ineligible for unemployment benefits if the employee quit work without just cause. The Supreme Court of Ohio has defined "just cause" as " 'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' " *Irvine v. Unemployment Comp. Bd. of Rev.* (1985), 19 Ohio

St.3d 15, 17, 19 OBR 12, 482 N.E.2d 587, quoting *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12, 335 N.E.2d 751.

{¶ 25} As set forth above, at the April 24, 2008 hearing before the hearing officer, Balazs stated that he quit his employment with appellee because he could no longer take the verbal and mental abuse that had continued over the three years of his employment. Balazs further stated that he quit because he was being asked to re-detail cars without compensation. Balazs stated that prior to quitting he expressed his concerns to co-owner John Larich.

{¶ 26} Just cause to quit and be eligible for unemployment benefits has been found where an employee has been subjected to verbal harassment. *DiGiannantoni v. Wedgewater Animal Hosp., Inc.* (1996), 109 Ohio App.3d 300, 671 N.E.2d 1378. Typically, an employee must first notify the employer of the problems prior to quitting. Id. at 307. Further, being asked to perform job duties without compensation has supported a just-cause finding. See *Voss v. Bailey's Tree & Landscape Serv.* (Oct. 31, 1997), S–97–020, 1997 WL 679626.

{¶ 27} Upon review, we find that the full commission's finding that Balazs was subjected to "numerous temper outbursts," "extreme profanity," and requests to do work for no compensation was not unreasonable or against the manifest weight of the evidence and supported the just-cause determination. Accordingly, we find that the lower court erred when it reversed the UCRC's decision. Appellant's assignment of error is well taken.

{¶ 28} On consideration whereof, we find that substantial justice was not done the party complaining. The judgment of the Fulton County Court of Common Pleas is reversed, and the ruling of the UCRC is hereby reinstated. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

OSOWIK, P.J., and SINGER, J., concur.