[Cite as *Martin v. Dir., Ohio Dept. of Job & Family Servs.*, 2021-Ohio-3656.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| DONNY L. MARTIN, | CASE NO.  2021-L-036 |
| Appellant, | |
| - v - | Administrative Appeal from the Court of Common Pleas |
| DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | Trial Court No. 2020 CV 001319 |
| Appellee. | |

## O P I N I O N

Decided: October 12, 2021
Judgment: Affirmed

*Lester S. Potash*, 25700 Science Park Drive, Suite 160, Beachwood, OH 44122 (For Appellant).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Laurence R. Snyder*, Assistant Attorney General, State Office Building, 11th Floor, 615 West Superior Avenue, Cleveland, OH 44113 (For Appellee).

JOHN J. EKLUND, J.

{¶1}   Appellant, Donny Martin, appeals the judgment of the Lake County Court of Common Pleas affirming the final decision of the Ohio Unemployment Compensation Review Commission ("Review Commission") denying Appellant's claim for unemployment compensation benefits.

{¶2} "Assignment of Error: The lower court abused its discretion in affirming the commission's decision denying Donny Martin's application for unemployment compensation benefits."

{¶3} Appellant raises two issues relative to this assignment.

{¶4} Issue No. 1: Martin was denied due process by the employer's failure to have served him with a copy of the Request for Review and by the Commission's failure to have provided Martin with notice of the reason(s) for which it accepted the employer's Request for Review.

{¶5} Issue No. 2: The trier of fact, be he a judge of the court or a hearing officer of an administrative agency, is afforded substantial deference to determinations of credibility and findings of fact.

{¶6} Appellant's assignment of error seems to proceed from the erroneous premise that the role of this court is to consider the decision of the common pleas court. It is not. The Ohio Supreme Court has held that courts hearing appeals from the Review Commission's decisions shall hear the appeal on the certified record provided by the commission. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 696, 653 N.E.2d 1207 (1995). If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. R.C. 4141.282(H). Otherwise, the court shall affirm the decision of the commission. R.C. 4141.282(H). "This duty is shared by all reviewing courts, from the first level of review in the common pleas court, through the final appeal in [the Ohio Supreme Court]." *Tzangas* at 696. In addition, the appellate court is required to focus on the decision of the Review

2

Commission rather than that of the common pleas court. *Kent State Univ. v. Hannam*, 11th Dist. Portage No. 2018-P-0109, 2019-Ohio-2971, ¶ 9. Finally, "the court's role is to determine whether the decision of the Review Commission is supported by evidence in the certified record, and if the reviewing court finds that such support is found, then the court cannot substitute its judgment for that of the Review Commission. *Irvine v. State Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985).

{¶7} Moreover, the substance of the "issues" within the assignment of error raise state and federal constitutional matters, not the merits of this case. Since due process requirements are a matter of law, they are reviewed de novo and neither the Review Commission, nor any court, has "discretion" to decide whether or not due process is to be or has been afforded to a party. *Flynn v. State Med. Bd. of Ohio*, 2016-Ohio-5903, 62 N.E.3d 212, ¶ 46 (10th Dist.).

{¶8} From 2010 until 2020, Appellant worked for Kerr Industries Inc. ("Kerr") as a machine operator, precision grinder. On occasion, Appellant worked different jobs for Kerr because his position was getting difficult due to arthritis. In 2019, Appellant notified Kerr that he would be retiring in 2020. Upon leaving Kerr, Appellant filed a claim for unemployment compensation. The Director of the Ohio Unemployment Compensation Review Commission initially denied Appellant's claim, finding that Appellant voluntarily quit his position without just cause. Appellant appealed the Director's decision, and the matter was transferred to the Review Commission in accordance with R.C. 4141.281(C)(3) on the issue of whether Appellant quit his job with just cause. After a telephone hearing, in which both parties testified and presented evidence, the hearing officer reversed the Director's decision and allowed Appellant's claim for unemployment

3

compensation benefits. Kerr timely filed a request for further review. Pursuant to R.C. 4141.281(C)(6), the Review Commission sent an allowance order to Appellant. The Review Commission made a final decision reversing the hearing officer's decision and denied Appellant's claim for unemployment compensation finding that Appellant quit his position without just cause. Appellant appealed to the Lake County Court of Common pleas who affirmed the Review Commission's final decision denying Appellant's claims for unemployment compensation benefits. Appellant now appeals the order of the Lake County Court of Common Pleas affirming the Review Commission's decision.

{¶9} We first address Appellant's second issue. Appellant argues that because the hearing officer conducted the initial hearing and heard the testimony and evidence, the Review Commission was required to give the hearing officer's decision great deference and did not.

{¶10} The Review Commission's standard of review is as follows: "the review by the full commission is de novo and the commission is permitted to weigh the credibility of the witnesses in making its determination." *McNeil Chevrolet, Inc. v. Unemployment Comp. Rev. Bd.*, 2010-Ohio-2376, 187 Ohio App. 3d 584, 932 N.E.2d 986, at ¶ 23 (6th Dist.). Because the Review Commission's review is de novo, no deference is given to the hearing officer's decision. *Id.*

{¶11} Further, the Review Commission has four options to dispose of an appeal. It may affirm the hearing officer's decision, provide for the appeal to be heard or reheard at the hearing officer or review level, provide for the appeal to be heard at the review level as a potential precedential decision, or provide for the decision to be rewritten without further hearing at the review level. R.C. 4141.281(C)(6). If the Review Commission

4

decides to rewrite the prior decision, R.C. 4141.281(C)(6) explicitly gives the Review Commission the discretion to modify or reverse the prior decision. R.C. 4141.281(C)(6).

{¶12} Pursuant to its statutory authority under R.C. 4141.281(C)(6), the Review Commission rewrote and reversed the hearing officer's decision without a further hearing. The Review Commission has broad authority to review the hearing transcript de novo and independently weigh the evidence. Therefore, R.C. 4141.281(C)(6) does not require the Review Commission to give deference to the hearing officer's original decision.

{¶13} Appellant's first issue asserts the final decision at issue here was unlawful, unreasonable, or against the manifest weight of evidence because he was denied due process in two ways. He argues, first, that he was denied due process when Kerr failed to serve him with a copy of its request for review. Second, Appellant argues that he was denied due process when the Review Commission failed to provide him with reasons for accepting Kerr's request for review.

{¶14} Due Process in an unemployment compensation matter requires the claimant to have "an opportunity for a fair hearing before an impartial tribunal." *Rowe v. Dir., Ohio Dep't of Job & Fam. Servs.*, 7th Dist. Mahoning No. 2015 MA 00150, 2016-Ohio-3017, ¶ 38; *Bulatko v. Ohio Dept. of Job & Family Services*, 7th Dist. Mahoning No. 07 MA 124, 2008–Ohio–1061, ¶ 9. "In order to successfully appeal a judgment on procedural due process grounds, [Appellant] must show that he was prejudiced by the allegedly inadequate process, unless the procedure employed involves such a probability that prejudice will result that it is deemed inherently lacking in due process." *Reid v. MetroHealth Sys., Inc.*, 2017-Ohio-1154, 87 N.E.3d 879, ¶ 27 (8th Dist.), citing *Bulatko* at ¶ 9, citing *Estes v. Texas*, 381 U.S. 532, 541–543, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965).

5

{¶15} In a request for review to the Review Commission, R.C. § 4141.281(C)(6) provides,

> If the commission allows a request for review, the commission shall notify all interested parties of that fact and provide a reasonable period of time, as the commission defines by rule, in which interested parties may file a response. After that period of time, the commission, based on the record before it, may do one of the following: affirm the decision of the hearing officer; provide for the appeal to be heard or reheard at the hearing officer or review level; provide for the appeal to be heard at the review level as a potential precedential decision; or provide for the decision to be rewritten without further hearing at the review level. When a further hearing is provided or the decision is rewritten, the commission may affirm, modify, or reverse the previous decision.

R.C. 4141.281(C)(6).

{¶16} There is no dispute that Kerr failed to provide Appellant with a copy of its request for review to the Review Commission. However, neither statute nor case law requires the party requesting review to provide the other party with a copy of the request. R.C. 4141.281(C)(6) only requires the Review Commission to notify all interested parties that it allowed a request for review and to provide all interested parties a reasonable time to prepare a response. Neither R.C. 4141.281(C)(6) nor due process require further action when the Review Commission allows further review and sends an allowance order to notify all interested parties. *Rowe, supra,* at ¶ 40. In accordance with R.C. 4141.281(C)(6), the Review Commission provided Appellant with the allowance order notifying him of the request for review. The allowance order stated the request for review was on the issue of whether Appellant quit his position with or without just cause. The allowance order allowed for Appellant to provide a response to the order and to request a copy of the request for review. Appellant did neither. We reject Appellant's suggestion

6

that the process was unfair or that the Review Commission was not impartial. Since the Review Commission provided Appellant with the allowance order, he had an opportunity to respond (which he did not do), and he had an opportunity to ask for and receive the request for review (which he also did not do), Appellant cannot show it was prejudicial to not provide him with a copy of the request for review. Thus, there is not a due process violation.

{¶17} Appellant also argues due process violations exist because the Review Commission did not provide a list of reasons why it accepted Kerr's request for review. The request for review was from the hearing officer's ruling on the Appellant's own appeal to the Review Commission on the sole issue of whether Appellant quit his position with just cause. Appellant's claim that he "could only speculate the issues" without receiving a list of reasons for allowing review rings hollow when he knew that the request for review was on the only question at issue. Appellant has not demonstrated the Review Commission's failure to provide him with a list of reasons allowing further review was prejudicial or unfair. Therefore, Appellant has not demonstrated that the Review Commission did not provide him with an opportunity for a fair hearing before an impartial tribunal.

{¶18} Appellant's assignment of error is without merit.

{¶19} For the forgoing reasons, we affirm the judgment of the Lake County Court of Common Pleas.


MARY JANE TRAPP, P.J.,
CYNTHIA WESTCOTT RICE, J.,
concur.

7

Case No. 2021-L-036